# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH DOWD,<br>Plaintiff | Case No. 1:09-cv-422-**SAS-TSH**<br><br>Spiegel, Sr. J. |
| vs | Hogan, M.J. |
| C. O. SMOOT, et al.,<br>Defendants | **REPORT AND RECOMMENDATION** |

This matter is before the Court on pro se plaintiff Dowd's "motion to transfer." which the Court construes as a motion for preliminary injunction. (Doc. 8).

Plaintiff is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. He brings this action pursuant to 42 U.S.C. § 1983 against SOCF Correctional Officers Smoot, Azbell, Layne, and Throckmorton and SOCF Lt. Lewis, alleging a violation of his constitutional rights under the Eighth Amendment. Plaintiff was granted leave to file an amended complaint on June 26, 2009. (Doc. 6). The amended complaint alleges that on May 6, 2009, plaintiff had feces and urine thrown on him while he was in his cell. He alleges that the defendants were deliberately indifferent to his health and safety when they refused to follow standard procedure and send plaintiff to the

medical department and forced plaintiff to remain in his cell filled with feces and urine. Plaintiff alleges he was forced to eat two meals in the contaminated cell before he was taken to the showers on the order of Lt. Lewis. Plaintiff alleges that the officers still failed to see that his cell was cleaned after he went to the shower. Plaintiff alleges that one of the officers called plaintiff a "snitch" after he ignored plaintiff's request for help with his contaminated cell. Plaintiff alleges that the officers failed to take corrective action because he was viewed as a "snitch." Plaintiff states he then filed an informal complaint and grievance concerning the matter. Plaintiff states that on May 27, 2009, he was attacked with a knife by another inmate while waiting to shower. He alleges that defendants Smoot and Layne controlled access to his cell door and purposely left the door open to allow the assault to occur. Plaintiff alleges this was done in retaliation for plaintiff's complaint about the failure to correct the conditions of his contaminated cell. Plaintiff's amended complaint seeks declaratory and monetary relief.

By way of the current motion, plaintiff seeks an order from the Court requiring the Ohio Department of Rehabilitation and Corrections to transfer him to another institution. Plaintiff claims that he is at serious risk for physical harm in he remains at SOCF. Plaintiff claims that the May 27, 2009 attack was

committed by another inmate who is a member of a prison gang and that plaintiff will be subjected to attacks and injury if he is not moved by ODRC to another prison facility.

In determining whether to issue a preliminary injunction the Court must consider the following four factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

See Procter & Gamble v. Bankers Trust Co., 78 F.3d 219, 226 (6th Cir. 1996), citing Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977)(applying preliminary injunction factors to motion for temporary restraining order). See also U.S. v. Bayshore Associates, Inc., 934 F.2d 1391, 1398 (6th Cir. 1991); In Re King World Productions, Inc., 898 F.2d 56, 59 (6th Cir. 1990); Project Vote! V. Ohio Bureau of Employment Services, 578 F. Supp.

7, 9 (S.D. Ohio 1982) (Spiegel, J.).

The Court finds that plaintiff has not alleged facts or presented evidence sufficient to warrant a preliminary injunction in this case. Plaintiff seeks to bring an entirely new claim unrelated to his previous deliberate indifference to health/safety claim. To establish a substantial likelihood of success on his Eighth Amendment claim against defendants, plaintiff must present evidence showing that defendants are deliberately indifferent to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825 (1994). *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir. 1992); *Marsh v. Arn,* 937 F.2d 1056, 1060-61 (6th Cir. 1991); *Walker v. Norris*, 917 F.2d 1449, 1453-54 (6th Cir. 1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Plaintiff has failed to present evidence showing he faces a substantial risk of serious harm. While plaintiff argues that his continued placement at SOCF would subject him to a serious risk of harm, he fails to present any evidence that defendants were made aware of the risk and were deliberately indifferent to his needs. The allegations contained in his

4

motion are not evidence and do not support the extraordinary relief he seeks in this case.

For the above reasons, it is hereby **RECOMMENDED** that plaintiff's "motion to transfer" be **DENIED**.

Date: 12/14/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH DOWD,
Plaintiff

vs

C. O. SMOOT, et al.,
Defendants

Case No. 1:09-cv-422-**SAS-TSH**

Spiegel, Sr. J.
Hogan, M.J.

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 12-17-09 . Any party may object to the Magistrate's findings, recommendations, and report within (14) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within fourteen (14) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Joseph Dowd #2A2-593.<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4483 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:09cv422 (Doc. 27)