```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JOSEPH DOWD,                          :    No. 1:09-cv-422
                                      :
    Plaintiff                     :
                                      :
  vs.                                 :
                                      :    **ORDER**
C.O. SMOOT, et al.,                   :
                                      :
    Defendants                    :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 27), to which Plaintiff filed objections (doc. 38). For the reasons that follow, the Court AFFIRMS and ADOPTS the Magistrate Judge's Order in its entirety.

       Plaintiff, proceeding <u>pro se</u>, filed with the Magistrate Judge a "Motion to Transfer" (doc. 8), which the Magistrate Judge correctly construed as a motion for a preliminary injunction. Plaintiff is currently incarcerated and has alleged that certain corrections personnel have violated his Eighth Amendment rights (doc. 27). Plaintiff filed the motion, alleging that his life is in danger where he is currently incarcerated, because another inmate, who Plaintiff alleges is a member of the Aryan Brotherhood gang, has put a hit out on Plaintiff's life (doc. 8).

       The Magistrate Judge noted that Plaintiff's amended complaint was premised on allegations that feces and urine were thrown on him and that Defendants were deliberately indifferent to his health and safety when, by their actions, Plaintiff was forced to remain in the cell and eat two meals there before it was cleaned

and he was taken to medical services (doc. 27).  In addition, the Magistrate Judge noted, Plaintiff's amended complaint contained allegations that one of the corrections personnel called Plaintiff a "snitch," that he was attacked by another prisoner while he was in the shower and that corrections personnel deliberately left the door open to allow the assault to occur (Id.).

The Magistrate Judge then observed that by way of Plaintiff's Motion to Transfer, Plaintiff seeks to add a new claim to those alleged in his amended complaint because his Motion to Transfer is premised on the allegation that the man who attacked him in the shower was a member of the Aryan Brotherhood, a prison gang, and that Plaintiff will be subject to further attacks if he is left at the Southern Ohio Correctional Facility ("SOCF") (Id.). The Magistrate Judge then found that Plaintiff failed to present facts or evidence that would warrant the issuance of a preliminary injunction on this claim (Id.).  Specifically, the Magistrate Judge found that Plaintiff failed to produce evidence that Defendants were aware of the substantial risk of attacks by other inmates and were deliberately indifferent to that risk (Id.).  Without that evidence, the Magistrate Judge noted that the Court cannot find that Plaintiff has shown a substantial likelihood of success on the merits, because the bare allegations in Plaintiff's Motion to Transfer are not evidence (Id., citing, inter alia, Farmer v. Brennan, 511 U.S. 825 (1994)).

In his objections, Plaintiff claims that he can prove that the corrections staff know of the risk to Plaintiff's life and that the staff's response has been to act as though no real problem exists, thus, Plaintiff argues, showing their deliberate indifference to the risk (doc. 38). To support this claim, he submitted as exhibits the complaints he made to corrections personnel along with their responses (Id.). Plaintiff ends his objections by stating that he is not concerned at this point with being moved but, instead, "just want[s] to make it home to [his] family" (Id.).

As exhibits to his objections, Plaintiff submitted evidence of his complaint regarding the feces and urine and of his complaint regarding the attack in the shower, which complaints were investigated and reviewed on appeal (doc. 38). In addition, Plaintiff submitted a copy of an informal complaint that he was spit on by another inmate, in which he requested that corrections personnel hand him his food trays because he fears contamination and in which he alleged that a "buddy" of the man who attacked him in the shower is now in his same cell block; this informal complaint was referred to Plaintiff's immediate supervisor (Id.). Plaintiff also submitted a copy of a report denying a grievance Plaintiff had filed regarding being spit on (an incident that appears to be different from the one described in the informal complaint), which grievance, after an investigation, was denied for

failure to supply substantial evidence supporting the claim (Id.).

In addition, Plaintiff submitted a copy of an informal complaint he lodged regarding the corrections officers' attempt to move him back to block K-2 (Id.). In that complaint, he stated his refusal to move back to K-2, alleging that he was forced to break a rule in order to get moved out of K-2 in the first place, and that he was forced to do so because "certain COs were allowing certain inmates to give [him] the opposite trays [he] ordered and threatened to play with [his] food off camera;" Plaintiff further claimed that he told staff that he would hurt himself if they tried to move him back to K-2, that he did cut himself, and that he "never seen medical or not at least right away and these are to leave permanent marks on [his] arm" (Id.). Plaintiff alleges that staff did nothing to help him except "have 8-10 dress up in black and threat to do harm on [him]" (Id.). In response to this informal complaint, he was told to inform his unit staff and that he needs to move cell blocks when he is told to do so (Id.).

Finally, Plaintiff submitted an informal complaint in which he described an incident where he was given a vegetarian lunch tray (and he noted that he is not a vegetarian) on the same day when, Plaintiff alleged, an Aryan Brotherhood inmate told a corrections officer that Plaintiff snitched on his brother, who was the man who attacked Plaintiff in the shower (Id.). Plaintiff further alleged that this same corrections officer then ignored

4

Plaintiff's request for assistance regarding the vegetarian tray; Plaintiff then got into a "spitting match" with that Aryan Brotherhood inmate, and the corrections officer apparently did not write up either inmate (Id.). In this same informal complaint, Plaintiff alleged that corrections officers sprayed him "for fun" and that they tried to break his arm by bending it against the latch of the door (Id.). In response to this informal complaint, Plaintiff was told to address the issues raised therein to his unit manager (Id.).

Having reviewed this matter de novo pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned and correct. The evidence submitted by Plaintiff via his objections to the Magistrate Judge's Report and Recommendation does not serve to prove that Defendants are aware of a substantial risk to Plaintiff of attacks by other inmates and that they are deliberately indifferent to that risk. The evidence shows that Plaintiff has a record of problematic interactions with other inmates and with certain prison staff, but it does not support the allegation that Plaintiff is at substantial risk for serious harm from other inmates, that staff are aware of such risk, and that they are deliberately indifferent to it. Instead, the prison staff appear to be taking steps to investigate Plaintiff's claims and, in fact, have moved Plaintiff's cell block in response to the problematic

interactions he has had with others.  Nonetheless, the Court does not take Plaintiff's allegations lightly, and trusts that the Southern Ohio Correctional Facility will do all it can to protect this inmate housed there.  The Court notes that it is concerned that this inmate may be suffering abuse and violence and may be in danger because he may have agreed to cooperate with the government in some capacity.  An investigation to ensure that Plaintiff is not being placed at risk for having agreed to cooperate with the government should be undertaken by the proper authorities.

For the foregoing reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's Order in its entirety (doc. 27) and DENIES Plaintiff's Motion to Transfer (doc. 8).


SO ORDERED.

Dated: March 23, 2010        /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge