UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph Dowd,
    Plaintiff

vs

C/O Smoot, et. al.,
    Defendants

Case No. 1:09-cv-422-SAS-TSH
(Spiegel, J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion for judgment on the pleadings, which this Court construes as a motion for summary judgment, (*see* Doc. 40), filed by defendants Azbell, Throckmorton, and Lewis (Doc. 16), pro se plaintiff Dowd's memorandum in opposition (Doc. 30), and plaintiff's supplemental memorandum in opposition to summary judgment. (Doc. 44).

Plaintiff is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. He brings this action pursuant to 42 U.S.C. § 1983 against SOCF Correctional Officers Smoot, Azbell, Layne, Throckmorton and McCormick, and SOCF Lt. Lewis, alleging a violation of his constitutional rights under the Eighth Amendment. Plaintiff has twice amended his complaint. The amended complaint alleges that on May 6, 2009, plaintiff had feces and urine thrown on him while he was in his cell. He alleges that the defendants were deliberately indifferent to his health and safety when they refused to follow standard procedure and send plaintiff to the medical department and forced plaintiff to remain in his cell filled with feces and urine. Plaintiff alleges he was forced to eat two meals in the contaminated cell before he was taken to the showers on the order of Lt. Lewis. Plaintiff alleges that the officers still failed to see that his cell was cleaned after he went to the shower. Plaintiff alleges that one of the officers called plaintiff a "snitch" after he ignored plaintiff's request for help with his contaminated cell. Plaintiff alleges that the officers failed to take corrective action because he was viewed as a "snitch." Plaintiff

states he then filed an informal complaint and grievance concerning the matter. Plaintiff states that on May 27, 2009, he was attacked with a knife by another inmate while waiting to shower. He alleges that defendants Smoot and Layne controlled access to his cell door and purposely left the door open to allow the assault to occur. Plaintiff alleges this was done in retaliation for plaintiff's complaint about the failure to correct the conditions of his contaminated cell. Plaintiff's amended complaint seeks both declaratory and monetary relief.

Defendants Azbell, Throckmorton, and Lewis moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that they were not present when the incident occurred and were not involved in any alleged constitutional violations. In support of their motion, the defendants attached an affidavit from the records custodian at SOCF and copies of two incident reports, a conduct report, and a medical exam report related to plaintiff's allegations and the incident which occurred on May 6, 2009. (*See* Doc. 16, Exs. A, A1- A4). Because defendants presented matters outside the pleadings, this Court construed defendants' motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(c). Plaintiff was then afforded an opportunity to supplement his response to defendants' motion, having been put on notice that summary judgment "may still be entered against him on some or all of his claims if he fails "to make a showing sufficient to establish the existence of an element essential to his case." *Celotex Corp.*, 477 U.S. at 322; *Street*, 886 F.2d at 1479." (Doc. 40, p. 3).

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant

2

probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DEFENDANTS' MOTION SHOULD BE GRANTED

Defendants contend that they are entitled to judgment because they were not personally involved in the May 6, 2009 incident, plaintiff has not shown any physical injury sufficient to support a claim under the PLRA, and defendants are entitled to qualified immunity. (Doc. 16).

Plaintiff filed a supplemental response to defendants' motion. Attached to his response are copies of a May 11, 2009 Informal Complaint Resolution, a May 20, 2009 Notification of Grievance, and a May 26, 2009 Disposition of Grievance related to the May 6, 2009 incident. (Doc. 44, Exs. 1-A(1) - (3), attached). Plaintiff argues that the summary judgment motion field by defendants Azbell, Throckmorton, and Lewis should be denied because even thought these second shift workers responded to the incident once they came on duty, he had to ask them for help. (Doc. 44, p. 1). He also argues in general terms that the SOCF Corrections Officers "lie/fib" and that the report completed by Officer XXX, "[t]hey was left to clean up the mess the other defendants allowed, but they violated plaintiff's rights in the process." (Doc. 44, p. 3).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that the conditions under which a prison inmate is confined and the treatment he receives while incarcerated are subject to Eighth Amendment scrutiny. *Helling v. McKinney*, 113 S.Ct. 2475 (1993). Once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Id.* at 2480.

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id.*

An Eighth Amendment deliberate indifference claim consists of two components, an objective component and a subjective component. *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir.1997). The objective component is satisfied only if the plaintiff's medical needs are shown to be "serious." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Estelle*, 429 U.S. at 103-04. *See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to state valid Eighth Amendment claim, prisoner must allege deprivation that is "objectively, sufficiently serious"). To satisfy the subjective component, a prisoner must show the defendant prison official had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "Deliberate indifference" describes

4

a "state of mind more blameworthy than negligence." *Farmer*, at 835. A prison official can be found to have been deliberately indifferent only if shown to have been actually aware of conditions that posed a substantial risk of serious harm to a prisoner, and to have acted with conscious disregard for that risk. *Id.* at 837; *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir.1995); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir.1994).

The record evidence presented to this Court demonstrates that defendants Azbell, Throckmorton, and Lewis work second shift and were not on duty at the time the initial incident occurred on May 6, 2009. The evidence also demonstrates that within approximately fifteen minutes of starting his shift on that date, Defendant Throckmorton discovered plaintiff's condition and responded by calling for a bio-hazard clean up cart, notifying his supervisor, completing an incident report, issuing a conduct report to the offender. Subsequently, plaintiff was taken for a shower, had his cell cleaned, was examined by a nurse, and received new personal items to replace those contaminated by the incident. Nothing in the record demonstrates that the conduct of these three defendants amounts to deliberate indifference or that they were aware of conditions which posed a substantial risk of harm to plaintiff and acted with a conscious disregard for that risk. Consequently, Defendants Azbell, Throckmorton, and Lewis are entitled to judgment in their favor.[1] To the extent that defendants argue

---

[1] Defendants also seek the dismissal of Plaintiff's complaint pursuant to 42 U.S.C. § 1997e (e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Defendants argue that plaintiff's claim should be dismissed because int eh absence of any physical injury, he cannot recover more than nominal damages. On its face, § 1997e(e) does not address the availability of nominal damages and, potentially, punitive damages for the Eighth Amendment violation even in the absence of physical injury. Although the Sixth Circuit has not directly addressed the issue in a published opinion, other courts have held that § 1997e(e) does not preclude nominal damages. *See, e.g., Whitman v. Washington*, 113 F. App'x 605, 606 (5th Cir.2004); *Herron v. Patrolman # 1*, 111 F. App'x 710, 713 (5th Cir.2004) ("We acknowledge that lawsuits by arrestees, detainees, or prisoners who cannot allege a sufficiently serious physical injury to support psychological injury are not necessarily barred altogether by § 1997e(e). Physical injury is a predicate to an award of compensatory damages for mental or emotional injury; its absence does not necessarily preclude recovery of, *e.g.,* injunctive relief or nominal damages for constitutional injuries."); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir.2004); *Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11th Cir.2003); *Calhoun v. DeTella*, 319 F.3d 936, 940-43 (7th Cir.2003); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir.2003); *Oliver v. Keller*, 289 F.3d 623, 629-30 (9th Cir.2002); *Thompson v.*

they are entitled to qualified immunity, the Court need not reach this argument because it finds that plaintiff has failed to set forth evidence to support a claim for an Eighth Amendment deliberate indifference claim against these defendants.

For these reasons, IT IS HEREBY RECOMMENDED THAT: Defendants' motion for judgment be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

---

*Carter,* 284 F.3d 411, 418 (2d Cir.2002); *Searles v.. Van Bebber,* 251 F.3d 869, 878-79, 880-81 (10th Cir.2001); *cf. Miller v. Bock,* 55 Fed. Appx. 310, at *2 (6th Cir. Jan. 28, 2003) (noting that "claims for [punitive] damages are not necessarily barred by section 1997e (e)"). To the extent that defendants' motion to dismiss is based on a lack of physical injury, the Court finds this argument to be without merit.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

Joseph Dowd,
    Plaintiff

vs                                        Case No. 1:09-cv-422-SAS-TSH
                                           (Spiegel, J.; Hogan, M. J.)

C/O Smoot, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Joseph Dowd # 292-593<br>SOCF<br>P.O. Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8237 |
| PS Form 3811, August 2001   Domestic Return Receipt | 102595-02-M-1540 |

1:09cv422 (Doc. 45)