```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

JOSEPH DOWD,                        :     No. 1:09-cv-422
                                    :
      Plaintiff               :
                                    :
  vs.                              :
                                    :     **OPINION AND ORDER**
C.O. SMOOT, et al.,                 :
                                    :
      Defendants              :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 45), to which Plaintiff filed objections (doc. 49). For the reasons that follow, the Court AFFIRMS and ADOPTS the Magistrate Judge's Order in its entirety.

**I.  Background**

Plaintiff is an inmate at the Southern Ohio Correctional Facility ("SOCF") and has alleged that Defendants have violated his Eighth Amendment rights (doc. 45). Specifically, Plaintiff alleges that on May 6, 2009, someone threw feces and urine on him in his cell, and Defendants were deliberately indifferent to his health and safety when, by their actions, Plaintiff was forced to remain in the cell and eat two meals there before it was cleaned and he was taken to medical services (Id.). Further, Plaintiff alleges that even after he was finally permitted to shower, Defendants failed to clean his cell and, after ignoring Plaintiff's repeated requests for help with his contaminated cell, one of the officer Defendants called Plaintiff a "snitch," and that Defendants failed to take corrective action because they viewed him as a snitch

(Id.).  In addition, Plaintiff claims that, in retaliation for his complaints about Defendants' behavior regarding his contaminated cell, Defendants Smoot and Layne purposefully left the door open to his cell, which allowed another inmate to attack him with a knife while he was waiting to shower (Id.).

Defendants Azbell, Throckmorton and Lewis moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), contending that they were not present when the incidents complained of occurred, were not involved in any alleged constitutional violations and are entitled to qualified immunity (Id.).  To support their motion, Defendants Azbell, Throckmorton and Lewis attached an affidavit from the SOCF records custodian, copies of two incident reports, a conduct report, and a medical exam report related to Plaintiff's allegations and the May 6 urine-and-feces incident (Id.).  Because Defendants offered evidence beyond the pleadings, the Magistrate Judge construed their motion for judgment on the pleadings as a motion for summary judgment and gave appropriate notice to that effect to Plaintiff  (Id.).

**II. The Magistrate Judge's Report and Recommendation and Plaintiff's Objections**

The Magistrate Judge noted that, in order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" (Id., citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

2

To meet the deliberate indifference standard, the prisoner must show both that his medical needs were objectively serious and that the prison official subjectively had a "sufficiently culpable state of mind" (Id., citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Such a state of mind, observed the Magistrate Judge, is "more blameworthy than negligence," as the official must have actually been aware of the conditions creating the risk of serious harm and have acted with conscious disregard for that risk (Id.).

In this matter, the Magistrate Judge found (i) Defendants Azbell, Throckmorton and Lewis worked second shift and were not on duty at the time of the May 6 incident; and (ii) within fifteen minutes of Throckmorton starting his shift on that date, he discovered Plaintiff's situation and called for a bio-hazard cleaning cart, notified his supervisor, completed an incident report, and issued a conduct to the offending prisoner (Id.). Plaintiff was then taken to the shower, had his cell cleaned, was seen by a nurse and was given replacement personal items (Id.). The Magistrate Judge found no evidence in the record supporting an assertion that Defendants Azbell, Throckmorton and Lewis acted with deliberate indifference to Plaintiff's needs (Id.).  As a result, the Magistrate Judge recommended that their motion be granted (Id.).

Plaintiff objects to the Magistrate Judge's recommendation, asserting that Defendants Azbell, Throckmorton and

Lewis are using "trickery and deceit" to mask their constitutional violations (doc. 49). Specifically, Plaintiff implies that Defendants Azbell, Throckmorton and Lewis have falsified at least some of the documents presented to the Court upon which the Magistrate Judge relied, as he claims that, for example, contrary to the medical exam report, he was in fact never examined by a nurse (Id.). Further, Plaintiff claims that the fact that his cell was eventually cleaned should not count as a positive factor for Defendants Azbell, Throckmorton and Lewis because it was not cleaned well, and, in any event, it was something they were required to do, not something they did in good faith (Id.). In addition, Plaintiff contends that merely because some of the evidence in the record shows that at least one of the other Defendants lied that doesn't mean that Defendants Azbell, Throckmorton and Lewis did not also lie (Id.). He does not, however, offer any evidence to that effect, but he notes that he is only allowed "documentation such as paperwork" (Id.).

### III. Discussion and Conclusion

Having reviewed this matter de novo pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned and correct. To survive this motion for summary judgment, Plaintiff needed to have presented evidence that would show that a genuine issue of fact exists with respect to whether Defendants Azbell, Throckmorton and

4

Lewis acted with deliberate indifference to Plaintiff's serious medical needs. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 251-252 (1986). Plaintiff has presented his opinion that his cell was not adequately cleaned, his statement that he was not taken to get medical help, and his insinuations that Defendants Azbell, Throckmorton and Lewis are lying. These do not individually or collectively rise to the level necessary to defeat a motion for summary judgment. See, e.g., Helwig v. Pennington, 30 Fed.Appx. 516 (6th Cir. 2002)(speculation and opinion regarding defendants' state of mind insufficient to defeat summary judgment). Plaintiff's statement that he was not given medical care is presented to the Court as a bald statement unsupported by an affidavit. As such, it is not competent evidence for the Court to consider. See Fed. R. Civ. P. 56.

Nonetheless, even if the Court were to consider the statement, the statement alone does not rise to the level of "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" at issue here, such that denial of summary judgment and proceeding to trial on the merits would be warranted. See, e.g., Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The statement alone does nothing to show that Plaintiff's medical needs were objectively serious and that the three Defendants subjectively had

5

sufficiently culpable states of mind.  In short, even considering the statement and viewing it, and all the evidence in the record, in the light most favorable to Plaintiff, Plaintiff has failed to adduce evidence creating a genuine issue of fact as to both the objective and subjective components of the deliberate indifference standard as to Defendants Azbell, Throckmorton and Lewis. Consequently, summary judgment for these Defendants is appropriate.

For the foregoing reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 45) and GRANTS Defendants Azbell, Throckmorton and Lewis's Motion for Judgment on the Pleadings, construed as a motion for summary judgment (doc. 16).  This Opinion and Order renders Defendants' Motion to Continue Discovery and Dispositive Motion Deadline (doc. 46) moot.

To be clear, however, granting summary judgment to Defendants Azbell, Throckmorton and Lewis does not dispose of this case.  Plaintiff's claims against Defendants Layne, Smoot and McCormick remain alive.

SO ORDERED.

Dated: August 17, 2010        /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge