UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH DOWD

    Plaintiff,

vs.

CORRECTIONAL OFFICER SMOOT, *et al.*,

    Defendants.

Case No. 1:09-cv-422

Spiegel, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Defendants' motion for summary judgment (Doc. 71); Plaintiff's response in opposition (Doc. 73); Defendants' reply (Doc. 75); Plaintiff's supplemental memorandum (Doc. 76); and Defendants' motion to strike Plaintiff's supplemental memorandum. (Doc. 77).

For the reasons stated below, the undersigned recommends that Defendants' motion for summary judgment be granted and that the motion to strike be denied as moot.

### I.    Factual and Procedural Background

Plaintiff, an inmate at the Southern Ohio Correctional Facility, filed a civil complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Eighth Amendment. (Doc. 3). Plaintiff has amended his complaint on two occasions. (Docs. 9, 31). As amended, the complaint alleges that on May 6, 2009, feces and urine were thrown on Plaintiff while he was in his cell. He alleges that Defendants were deliberately indifferent to his health and safety when he was forced to remain in the contaminated cell and eat two meals there before being taken to medical

services. Plaintiff alleges that even after he was permitted to shower, Defendants failed to see that his cell was cleaned. After ignoring Plaintiff's repeated request for help with his contaminated cell, it is alleged that one of the officers called him a "snitch" and Plaintiff claims that Defendants failed to take corrective action because he was viewed as such.

In addition, Plaintiff alleges that on May 27, 2009, after filing an informal complaint and grievance concerning the above matter, Defendants Smoot and Layne purposefully left a cell door open to allow another inmate to attack Plaintiff with a knife. Plaintiff alleges this was done in retaliation for his complaint regarding Defendants' failure to correct the conditions of his contaminated cell.

On September 18, 2009, Defendants Azbell, Throckmorton, and Lewis moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that they were not present when the alleged incidents occurred, were not involved in any constitutional violations, and were entitled to qualified immunity. (Doc. 16). Because the Defendants presented matters outside the pleadings,[1] the Court construed Defendants' motion as a motion for summary judgment (s*ee* Doc. 45, p. 2), and dismissed Plaintiff's claims against Defendants Azbell, Throckmorton, and Lewis. (Doc. 51, p. 6).

On June 20, 2011, Defendants Smoot, Lane, and McCormick filed a motion for summary judgment pursuant to Fed. R. Civ. Pro. 56. (Doc. 71). Therein, Defendants contend that they are entitled to summary judgment because Plaintiff did not properly exhaust his administrative remedies; Plaintiff's claims are without merit; and the Defendants are entitled to qualified immunity. *Id*. On July 1, 2011, Plaintiff filed a

---

[1] Defendants offered an affidavit from the SOCF records custodian, copies of two incident reports, a conduct report, and a medical exam report pertaining to Plaintiff's allegations. (*See* Doc. 16, Exs. A, A1-A4).

2

response in opposition (Doc. 73), to which Defendants replied. (Doc. 75).

On July 29, 2011, Plaintiff filed a supplemental memorandum opposing the motion for summary judgment. (Doc. 76). Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), Defendants filed a motion to strike Plaintiff's supplemental memorandum, based on Plaintiff's failure to obtain leave of court prior to filing and for failure to assert good cause for the supplemental memorandum. (Doc. 77). Defendants move for leave to reply to the supplemental memorandum should the Court not grant the motion to strike. *Id.*

## II. Legal Standard

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The requirement that facts be construed in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in

dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986). The non-moving party's evidence "is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Id.* at 255 (emphasis added). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

Although reasonable inferences must be drawn in favor of the opposing party, *see Matsushita,* 475 U.S. at 587, inferences are not to be drawn out of thin air. Rather, it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244-45 (E.D.Cal.1985), *aff'd,* 810 F.2d 898, 902 (9th Cir.1987). To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (citations omitted).

### III. Analysis

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners bringing civil rights claims in federal court to exhaust all available administrative remedies prior

4

to filing suit in federal court:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Jones v. Bock*, 549 U.S. 201, 204 (2007).  It is well settled that "exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").  In *Woodford*, the Supreme Court held that in order to properly exhaust their administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules," as defined by the prison grievance process.  *Woodford*, 548 U.S. at 88.  An inmate must "exhaust administrate remedies even where the relief sought – monetary damages – cannot be granted by the administrative process."  *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)).  "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549, U.S. at 204).

Ohio Admin. Code § 5120-9-31 sets forth the inmate grievance procedure, which is comprised of three consecutive steps.  First, an inmate must file an informal complaint within fourteen calendar days of the event giving rise to the complaint. Second, if the inmate is dissatisfied with the response to the informal complaint, the inmate must file a notification of grievance with the inspector of institutional services

5

within fourteen calendar days from the date of the informal complaint response. Finally, if the inmate is dissatisfied with the disposition of the grievance, a request for appeal must be filed to the office of the chief inspector within fourteen days of the disposition of the grievance. The chief inspector's office may extend the time in which to respond to the notification of grievance and appeal "for good cause, with notice to the inmate." *See* Ohio Admin. Code §§ 5120-9-31(K)(1)-(3).

In the instant case, as Defendants have argued in the motion for summary judgment (*See* Doc. 71, pp. 7-1; *see also* Doc. 75, pp. 1-4), Plaintiff's complaint is subject to dismissal because he failed to exhaust his administrative remedies prior to filing in federal court. Plaintiff filed informal grievances and notification of grievances in response to the May 6, 2009 and May 27, 2009 incidents. (*See* Doc. 71, Attachment 1, pp. 3, 9, 14). On June 10, 2009 and June 15, 2009, Plaintiff appealed the dispositions to the chief inspector.[2] *Id.* at 3, 7, 12. Pursuant to Ohio Admin. Code § 5120-9-31(K)(3), the chief inspector was required to provide a written response within thirty calendar days of the receipt of his appeals, by July 10, 2009 and July 15, 2009 respectfully. However, Plaintiff filed his federal civil complaint on June 26, 2009, prior to the resolution of his administrative appeals.[3] (Doc. 3). Accordingly, Plaintiff failed to exhaust his administrative remedies prior to filing suit and his complaint is therefore subject to dismissal. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("[W]e must

---

[2] In his supplemental memorandum, Plaintiff contends that "Counsel Mr. Fuller is wrong and incorrect as he put in documentation that my grievance appeals to the Chief Inspector were received June 10 and June 15, 2009 when it clearly says on the form dated 6/11/09." (Doc. 76, p. 2). However, because Plaintiff filed his federal suit with this Court prior to the deadline for the Chief Inspector to respond, detailed *supra,* and the alleged discrepancy of the filing date does not change whether he filed prior to completing the administrative process, Plaintiff's argument does not create a genuine issue of material fact even when viewed in the light most favorable to Plaintiff.

[3] Plaintiff filed a motion for leave to proceed *in forma pauperis* in connection with his § 1983 complaint on June 17, 2009 (*see* Doc. 1), which was granted on June 26, 2009. (*See* Doc. 2).

dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *see also Page v. Howard*, No. C-1-09-599, 2010 WL 3895088, at *2 (S.D. Ohio Sept. 7, 2010) ("An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector."), *adopted*, 2010 WL 3985068 (S.D. Ohio Oct. 1, 2010); *Sudberry v. Thomas*, No. C-1-08-208, 2009 WL 3698411, at *4 (S.D. Ohio Nov. 5, 2009) (same); (Doc. 71, Attachment 1, p. 2) (same).

Plaintiff argues that he exhausted his administrative remedies. More specifically, he contends that "[p]rison officials fail[ed] to timely respond to a properly filed grievance which led[] Mr. Dowd to pursue his suit." (Doc. 73, p. 1). In support of his claim, Plaintiff cites to *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004), for the proposition that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id.* He claims that the untimely disposition of his appeal is evidenced by the chief inspector's office letter indicating that more time was needed to reach a resolution. *Id.*

The Court finds Plaintiff's argument insufficient to survive Defendants' motion for summary judgment. As noted previously, Plaintiff filed his federal civil suit prior to the expiration of time for the chief inspector to provide a written response under § 5120-9-31(K)(3). Therefore, Plaintiff could not have been led to pursue his federal suit by an untimely response, as he claims. Furthermore, § 5120-9-31(K)(3) permits the chief inspector or designee to extend the time in which to respond to an appeal, so the fact that prison officials indicated that more time was needed, standing alone,[4] does not

---

[4] The Court notes that Plaintiff was ultimately informed of the chief inspector's need for more time after the thirty days for providing a response to his appeal had expired. (Doc. 71, Attachment 1, pp. 6, 11).

7

indicate that the response to his appeal was untimely, as Plaintiff suggests. (*See* Doc. 71, p. 1).

The Court also finds that the instant case is distinguishable from *Boyd*. In *Boyd*, the Sixth Circuit found that the plaintiff had exhausted his administrative remedies where "prison officials totally failed to respond to the grievance" and petitioner was foreclosed from proceeding with the prison appeal process and exhausting available remedies. *Boyd*, 380 F.3d at 996. Federal courts, including the Sixth Circuit and this Court, have distinguished cases where plaintiffs file their federal suit after prison officials failed to respond within the time limits set forth by the applicable grievance procedure when determining whether failure of prison officials to respond to grievances satisfies the exhaustion requirement. *See Freeman*, 196 F.3d at 645 (dismissing plaintiff's complaint, in part, because he filed his federal complaint "before the time for the Chief Inspector to respond had expired"); *see also Boyd*, 380 F.3d at 996 (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) ("[W]e agree that the failure to respond to a grievance *within the time limits contained in the grievance policy* renders an administrative remedy unavailable[.]") & *Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir. 1999) (per curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed *and the state's time for responding thereto has expired.*") (emphasis added)). *Compare Billups v. Ozmint,* No. 8:09-2560-CMC-BHH, 2010 WL 4386949, at *2 (D.S.C. Sept. 30, 2010) ("These cases seem to be limited to instances where the plaintiff files an action after the time to respond has elapsed and no response has been received."), *and Morris v. McGrath*, No. C 04-3142 SI (PR), 2006

---

However, because Plaintiff filed his federal suit prior to the expiration of this period, he cannot establish that the untimely response prevented him from completing the grievance process or otherwise exhausting his administrative remedies prior to filing in federal court.

WL 2228944, at *3-4 (N.D. Cal. July 31, 2006) (distinguishing plaintiff's case from *Boyd* because his "appeal was not ignored at the director's level" and dismissing the case based on plaintiff's filing a federal suit "before he received a final response to his appeal to the director's level."), *with Ketzner v. Douglas*, No. 08-cv-13299, 2009 WL 1655004, at *2 (E.D. Mich., June 11, 2009) (distinguishing the case from *Freeman* and finding exhaustion, based on plaintiff's filing his federal action after the time for the chief inspector to respond had expired), *and Taylor v. Doctor McWeeney*, No. 1:05-cv-155, 2005 WL 1378808, at *2 (S.D. Ohio May 27, 2005) (finding exhaustion where the chief inspector failed to respond to appeal within months of indicating that additional time would be needed), *report and recommendation adopted*, (S.D. Ohio Oct. 27, 2005) (Dlott, J.) (unreported).

In this instance, the chief inspector did not fail to respond to Plaintiff's grievances, nor was Plaintiff prevented from completing the grievance process prior to filing in federal court. By filing prior to the completion of the administrative process petitioner denied "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," *Woodford*, 548 U.S. at 93 (quoting *Porter*, 534 U.S. at 525), and his complaint must be dismissed. *See Freeman*, F.3d at 645; *see also Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898879, at *2 (6th Cir. Dec. 17, 1998) (finding that plaintiff's attempt to exhaust remedies after filing federal suit "ignores the clear mandate of § 1997e(a) which requires exhaustion of available administrative remedies *prior* to filing suit in federal court") (emphasis in original).

Accordingly, in sum, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action. Upon review of the entire

9

record in the light most favorable to Plaintiff, the Court finds no genuine issue as to any material fact and Defendants' motion for summary judgment (Doc. 71) should be **GRANTED**.[5]  As such, Defendants' motion to strike (Doc. 77) should be **DENIED** as moot.

  **IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion for summary judgment (Doc. 71) be **GRANTED**;

2. Defendants' motion to strike (Doc. 77) be **DENIED** as moot; and that

3. Plaintiff's complaint (Doc. 3) be dismissed with prejudice.

   s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[5] In light of this finding, the Court need not address Defendants' additional arguments in support of their motion for summary judgment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH DOWD

    Plaintiff,

vs.

CORRECTIONAL OFFICER SMOOT, *et al.*,

    Defendants.

Case No. 1:09-cv-422

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).