```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

JOSEPH DOWD,                     :     No. 1:09-cv-422
                                 :
     Plaintiff               :
                                 :
  vs.                            :
                                 :     **OPINION AND ORDER**
C.O. SMOOT, et al.,              :
                                 :
     Defendants              :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 78), to which Plaintiff filed objections (doc. 80).  For the reasons that follow, the Court AFFIRMS and ADOPTS the Magistrate Judge's Order in its entirety, GRANTS Defendants' Motion for Summary Judgment (doc. 71), DENIES as moot Defendants' Motion to Strike (doc. 77) and DISMISSES this matter from the Court's docket.

**I.  Background, the Magistrate Judge's Report & Plaintiff's Objections**

       The facts of this case are well-documented in the many filings in this matter and will not be reiterated in depth here. In brief, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment.  On August 18, 2010, the Court dismissed Defendants Azbell, Throckmorton and Lewis, leaving Defendants Layne, Smoot and McCormick (doc. 51). These remaining Defendants filed a Motion for Summary Judgment on June 20, 2011 (doc. 71).  Plaintiff filed his memorandum in

opposition on July 1, 2011, and Defendants filed their reply on July 12, 2011. Plaintiff then filed a supplemental memorandum opposing Defendants' summary judgment motion on July 29, 2011. In response, Defendants filed a Motion to Strike that memorandum (doc. 77).

The Magistrate Judge's September 14, 2011 Report & Recommendation recommends that Defendants' Motion for Summary Judgment be granted, which would render Defendants' Motion to Strike moot (doc. 78). In essence, she makes this recommendation on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing this action (Id.). Specifically, Plaintiff filed the complaint in this matter on June 26, 2009, approximately two weeks prior to the resolution of his administrative appeals (Id.). The Magistrate Judge notes that filing prematurely as Plaintiff did constitutes a failure to exhaust, which subjects Plaintiff's complaint to dismissal (Id.).

Plaintiff objects to the Magistrate Judge's recommendation, asserting that his failure to exhaust was due to the fact that he was proceeding pro se in his first law suit (doc. 80). He appears to perceive the Magistrate Judge's recommendation that the suit be dismissed as an endorsement or condoning of the assault Plaintiff suffered and for which he seeks relief through this lawsuit (Id.). Plaintiff contends that, because he had been informed at an earlier stage in his administrative process that

there was no possible way he could be compensated, he assumed that his administrative remedies had been exhausted, and he filed suit accordingly (Id.). Finally, in his supplemental objections, which Defendants urge the Court to ignore, Plaintiff points the Court to Booth v. Churner, 532 U.S. 731 (2001), asserting that the case undermines Defendants' argument that Plaintiff failed to exhaust his administrative remedies before filing suit (doc. 82).

**II. Discussion**

While the Court is sympathetic to the fact that Plaintiff is proceeding pro se on his first law suit, the law is clear on this issue, and Plaintiff's case must be dismissed. The Prison Litigation Reform Act makes exhaustion of administrative remedies a precondition to filing an action in federal court. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The Court has no discretion here: "exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 201, 211 (2007). Therefore, because Plaintiff did not exhaust his administrative remedies and filed his complaint prematurely, his case cannot be permitted to proceed. Nor may the Court stay this action to allow him an opportunity to exhaust, as exhaustion of remedies during the pendency of this suit is not an option. See Freeman, 196 F.3d at 645.

Plaintiff presents nothing in his objections that would allow the Court to ignore the mandatory and well-settled law

regarding exhaustion of administrative remedies.  As Defendants note, ignorance of the law, even for pro se habeas litigants, cannot excuse failure to abide by the procedural requirements imposed by the law.  See, e.g., Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995).  Booth v. Churner does not require a different result.  On the contrary, Booth reinforces the position that the Prison Litigation Reform Act requires administrative exhaustion, holding that exhaustion is mandatory even when the grievance tribunal cannot grant the prisoner the relief he seeks.  532 U.S. at 741.

Consequently, the Court ADOPTS AND AFFIRMS the Magistrate Judge's Order in its entirety (doc. 77), GRANTS Defendants' Motion for Summary Judgment (doc. 71), DENIES as moot Defendants' Motion to Strike (doc. 77) and DISMISSES this matter from the Court's docket.

SO ORDERED.

Dated: February 16, 2012   /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge